Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CARLOS J. SILVA GALINDO<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500111 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Solicitud de remedio administrativo<br><br>Solicitud núm.: CBD 760-24 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Examinado el recurso presentado, entendemos que no es justiciable, por lo que procedemos a desestimarlo por falta de jurisdicción.

**-I-**

El 19 de febrero de 2025 el señor *Carlos J. Silva Galindo* (en adelante: peticionario), acude ante nos por *derecho propio* mediante un escrito intitulado: *"MANDAMUS".*

Al examinar dicho escrito, notamos que no hace constar hechos que precisen su petición. Tampoco hace señalamiento de error ni argumentación en derecho. Al parecer, desea revisar una certificación de su sentencia de cárcel emitida el 8 de octubre de 2024, pero únicamente incluye: una copia de Solicitud de Remedio Administrativo firmada por el peticionario en "oct. 5/2024", y con una firma, sobre el nombre del Evaluador, fechado el 8 de noviembre de 2024; dos copias de denuncias por delito de secuestro con determinación de causa probable para arresto de 4 de noviembre de 1993; y dos copias de Sentencia Enmendada por secuestro de 30 de

Número Identificador
SEN2025_____

mayo de 1997. En consecuencia, no obra en el apéndice de este recurso ninguna Resolución Final del Departamento de Corrección y Rehabilitación sobre su Solicitud de Respuesta Administrativa; ni tampoco contamos con una Orden o Resolución del Tribunal de Primera Instancia que podamos revisar. Es decir, el apéndice no contiene copia de documento o resolución final, emitido por algún foro adjudicador que podamos revisar.

En síntesis, el peticionario no ofrece datos ni documentos que nos permitan determinar una controversia real que podamos adjudicar. Por lo cual carecemos de información indispensable para determinar nuestra jurisdicción.

### -II-

El Tribunal Supremo ha reiterado que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones **deben observarse rigurosamente**.[1] De igual modo, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[2] Todavía más, una parte no puede utilizar como subterfugio su comparecencia **por derecho propio** para incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos.[3]

Nótese, que el ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación, entre las cuales se encuentra la doctrina de justiciabilidad. Recordemos que dicha doctrina, —en síntesis— persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá

---

[1] *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).
[2] *Íd.*
[3] *Febles v. Romar*, 159 DPR 714 (2003).

efectos prácticos sobre una controversia. En otras palabras, **los tribunales existen para atender casos que planteen controversias reales, o sea, que sean justiciables**.[4]

En consecuencia, la Regla 83(C) del Reglamento del Tribunal de Apelaciones autoriza a este Tribunal de Apelaciones a desestimar cualquier recurso en los que no tenga jurisdicción.[5] Además, es fundamental señalar que constituye doctrina reiterada el que los tribunales debemos ser *celosos guardianes de nuestra jurisdicción, estando obligados a considerar dicho asunto por iniciativa propia y aun cuando no haya sido planteado,*[6] ***y a no intervenir en controversias inexistentes.***

### -III-

Nos encontramos ante un recurso que, a todas luces, **no es justiciable.** El peticionario no menciona ni ha provisto una Resolución u Orden de clase alguna que nos coloque en posición de atender su recurso, y en consecuencia, determinar nuestra jurisdicción. Por tal razón, debemos desestimar el recurso de epígrafe.

### -IV-

Por los fundamentos antes expresados, se desestima el presente recurso por falta de jurisdicción.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] *CEE v. Dpto. de Estado,* 134 DPR 927, 934-935 (1993). *Citas omitidas.*
[5] Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 83(C).
[6] *Sánchez et al. v. Srio. de Justicia et al.,* 157 D.P.R. 360, 369 (2002). Énfasis nuestro.